

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*  (302) 573-6277
*1007 Orange Street, Suite 700*  *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

February 15, 2007

The Honorable Sue L. Robinson
Chief United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

  Re: **United States v. Jesus Salinas Escamilla**
     <u>**Criminal Action No. 06-141-SLR**</u>

Dear Chief Judge Robinson:

  The defendant has agreed to change his plea pursuant to the enclosed Memorandum of Plea Agreement. An original, executed Memorandum will be submitted at the Change of Plea hearing, scheduled for 10:30 a.m. on Thursday, March 1, 2007. The defendant will require the services of a Spanish interpreter.

              Respectfully submitted,

              COLM F. CONNOLLY
              United States Attorney

          BY: <u>/s/ Robert F. Kravetz</u>
             Robert F. Kravetz
             Assistant United States Attorney

Enclosure

cc: Christopher Koyste, Esq.
   Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
| )  | |
| Plaintiff,            ) | |
| )  | |
| v.            ) | Criminal Action No. 06-141-SLR |
| )  | |
| JESUS SALINAS-ESCAMILLA            ) | |
| )  | |
| Defendant.            ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Robert F. Kravetz, Assistant United States Attorney for the District of Delaware, and the defendant, Jesus Salinas-Escamilla, by and through his attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with transporting illegal aliens for the purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) & (a)(1)(B)(i). The maximum penalties for Count One are ten years imprisonment; a $250,000 fine; a term of supervised release of three years; and a $100.00 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove beyond a reasonable doubt the following essential elements of the offense: (1) that on or about December 4, 2006, the defendant transported or moved an alien within the United States, (2) that the alien was present in violation of the law, (3) that the defendant was aware of the alien's

status, (4) that the defendant acted wilfully in furtherance of the alien's violation of the law; and (5) that the offense was done for the purpose of commercial advantage or private financial gain.

3. The defendant understands that at sentencing the Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a).

4. In connection with the parties' agreement, the defendant acknowledges that on or about December 4, 2006, he transported or moved 12 illegal aliens within the United States; that the aliens were present in the United States in violation of law; that the defendant was aware that the aliens were present in the United States in violation of law; that he acted wilfully in further of the aliens' violation of law; and that he committed the offense for the purpose of commercial advantage or private financial gain. Based upon this stipulation and the information available, the United States represents to the defendant that it believes that his sentencing guideline offense level (before acceptance of responsibility) should be level 15. U.S.S.G. § 2L1.1(a)(3) & (b)(2)(A).

5. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a two-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1.

6. With the adjustment in defendant's guideline range, the government represents to the defendant that it believes he is subject to a guideline range of imprisonment of 12 to 18 months. That representation is based upon an offense level of 13 and a criminal history category of I. Based upon this calculation, the government agrees to recommend a term of imprisonment of 12 months

2

and one day. The parties agree that this recommendation does not bind the defendant or the sentencing judge, and that it does not preclude the defendant from addressing the factors set forth under 18 U.S.C. § 3553(a). The defendant understands that the final determination of the sentencing guidelines, as well as the factors set forth under 18 U.S.C. § 3553(a), will be up to the sentencing judge. The defendant acknowledges that the Court is not bound by any agreement or stipulation between the parties, and, if the Court calculates the guidelines differently than he expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

7. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8. The defendant agrees to forfeit to the United States pursuant to 18 U.S.C. § 982(a)(6), and 8 U.S.C. § 1324(b) & 28 U.S.C. § 2461(c), all conveyances used in the commission of the violation; all property, real and personal, that constitutes or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offense; and all property, real or personal, that was used to facilitate, or was intended to be used to facilitate the commission of the offense, including but not limited to the following: $1195 in United States currency; and a 1996 GMC C-1500 Sierra Series truck. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as property facilitating illegal conduct and involved in illegal conduct giving rise to forfeiture. The defendant further agrees to waive all interest in any such asset

in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal; agrees to consent to the entry of orders of forfeiture for such property; and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

9. The defendant knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing -- including but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255 -- except that the defendant reserves his right to appeal based on a claim that (1) defendant's sentence exceeded the statutory maximum, or (2) that the sentencing judge erroneously departed upwards from the guidelines range.

10. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

11. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises,

representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

                                  COLM F. CONNOLLY
                                  United States Attorney

_____   By:  _____
Christopher Koyste                            Robert F. Kravetz
Assistant Federal Public Defender           Assistant United States Attorney
Attorney for Defendant                     Attorney for the Government


_____
Jesus Salinas-Escamilla
Defendant

Dated: February ____, 2007


        **AND NOW**, this _____ day of _____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.


                                  _____
                                  Hon. Sue L. Robinson
                                  Chief United States District Judge